J-S74025-18

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellee | |
| v. | |
| TRACEY GLENN | |
| Appellant | No. 1647 EDA 2016 |

Appeal from the PCRA Order entered February 17, 2016
In the Court of Common Pleas of Philadelphia County
Criminal Division at No: CP-51-CR-0000459-2010

BEFORE: LAZARUS, J., STABILE, J., and McLAUGHLIN, J.

MEMORANDUM BY STABILE, J.: **FILED FEBRUARY 22, 2019**

Appellant, Tracey Glenn, appeals *pro se* from the February 17, 2016 order dismissing his petition for collateral relief filed pursuant to the Post Conviction Relief Act ("PCRA"), 42 Pa.C.S.A. §§9541-9546.[1] Following review, we affirm.

In its Rule 1925(a) opinion, the PCRA court explained:

[Appellant] appeared before this court for his first [PCRA] petition on November 7, 2011. Appellant had previously entered into a negotiated guilty plea on April 30, 2010 for the charges of robbery, possession of a firearm prohibited, firearms not to be carried without a license, and possession of an instrument of crime. Appellant alleged that trial counsel had incorrectly informed him that a conviction would count as a third strike and that his mandatory sentence as such would be 25 years to life in prison.

---

[1] By order entered on May 2, 2016, Appellant's rights to appeal the February 2016 order were reinstated *nunc pro tunc*.

This court granted Appellant's first PCRA petition and allowed him to withdraw his 2010 guilty plea.

[Immediately following the withdrawal of Appellant's first guilty plea, the court addressed the issue of whether Appellant's 199[1] robbery charged should be considered as a first strike under 42 Pa.C.S. § 9714, which was the only prior robbery conviction still at issue between the parties. This court found, and Appellant eventually agreed, that the 199[1] robbery should be considered a first strike for sentencing purposes. N.T., 11/7/2011 at 11-12.]

Appellant then entered into a second negotiated guilty plea on November 7, 2011, where he was sentenced to a term of 7½ to 15 years['] incarceration. He subsequently appealed his sentence which then was affirmed by the Superior Court. Appellant files the instant appeal containing the same issue as previously plead and alleges he should be granted PCRA relief.

Rule 1925(a) Opinion, 12/21/16, at 1 and 3-4 (some capitalization omitted).

As noted above, this Court affirmed Appellant's judgment of sentence on direct appeal. At that time, we observed:

Appellant claims his guilty pleas on November 7, 2011, were invalid because his 1991 conviction was not a first-degree felony and did not otherwise qualify as a first strike for sentencing purposes. As such, he suggests his current offense could not have been a second strike.

Although Appellant was not, in fact, sentenced to a mandatory sentence under 42 Pa.C.S.A. § 9714 for a second strike, his point seems to be that he accepted the instant plea agreement because he was afraid he would have otherwise been subject to a more severe, mandatory penalty under Section 9714 due to the 1991 conviction. Because, according to Appellant, his 1991 conviction was not a first strike, he claims his current pleas were not entered in a knowing fashion.
. . .

[W]e see that Appellant agreed, during the plea hearing, with the determination that his 1991 robbery was to be considered a felony

of the first degree.[2]   He thus waived his argument to the contrary.  He cannot now reverse his position and contend the court relied on faulty documents and/or otherwise wrongly determined that the 1991 robbery was a first-degree felony—*i.e.*, a first strike.  Thus, while we would likely allow Appellant to challenge his pleas if he now raised some theory that was not contrary to his record statements, we cannot allow him to make arguments that he specifically waived during his plea hearing.  Pa.R.A.P. 302(a).  If he wanted to contest the determination that he had a prior strike, he should not have agreed that he had that strike.

***Commonwealth v. Glenn***, No. 3235 EDA 2001, unpublished memorandum at 4-6 (Pa. Super. filed July 8, 2013).

Our Supreme Court denied Appellant's petition for allowance of appeal on November 19, 2013.  On December 16, 2013, Appellant filed a second PCRA petition, which he subsequently amended.  Counsel was appointed and filed an amended petition on December 7, 2014.  As the PCRA court explained:

---

[2] The following exchange took place during the November 7, 2001 hearing:

[PROSECUTOR]:  Your Honor, I think [it's] sufficient facts here to find an F1 robbery coming from the bank, coming behind you, attacking you, throwing you to the ground, kicking you.

THE COURT:  For an F1 I could under the circumstances.

[PROSECUTOR]:  This man was afraid enough that he had to fight for his life.

[APPELLANT]:  I am in agreement with the district attorney as far as that case is concerned.  We can continue.

Notes of Testimony, Guilty Plea Hearing, 11/7/11, at 11-12.

On March 2, 2015, the Commonwealth filed a motion to dismiss Appellant's second PCRA petition. On January 11, 2016, this court heard legal argument and decided that Appellant's claims did not justify an evidentiary hearing. This court also provided a 907 notice verbally. On January 14, 2016, Appellant filed a motion to proceed *pro se* which he subsequently amended five days later. On February 2, 2016, Appellant filed a *pro se* response requesting that this court not dismiss his petition. On February 17, 2016, this court dismissed Appellant's PCRA petition, dismissed his motion to proceed *pro se* as moot, and permitted [appointed counsel] to withdraw as counsel.

On April 15, 2016, [appointed counsel] filed a motion to reconsider which this court dismissed on May 2, 2016. However, this court reinstated Appellant's *nunc pro tunc* appellate rights. [New counsel] was appointed as Appellant's counsel on this date. On May 24, 2016, [new counsel] filed a notice of appeal to the Superior Court. On July 12, 2016, he filed a statement of matters complained of on appeal.

Rule 1925(a) Opinion, 12/21/16, at 5 (some capitalization omitted). After counsel filed a Rule 1925(b) statement, Appellant requested a **Grazier** hearing.[3] Following the hearing, the PCRA court authorized Appellant to proceed *pro se* and to submit a supplemental Rule 1925(b) statement. In that statement, Appellant raised six issues, four of which he includes in his brief on appeal as follows:

I. Whether trial counsel [] was ineffective pursuant to **Hill v. Lockhart**, 106 S.Ct. 366 (1985), for failing to investigate the bill of information from a 1991 robbery conviction used as evidence of a prior strike, where the bill of information clearly indicates the robbery conviction as an ungraded count; which invalidates the Commonwealth[']s reliance upon said conviction as a strike pursuant to 42 Pa.C.S. § 9714(g)?

_____

[3] **Commonwealth v. Grazier**, 713 A.2d 81 (Pa. 1988).

- 4 -

II.      Whether [Appellant's] plea was involuntarily tendered due to coercion in violation of **McCarthy v. Unites States**, 89 S.Ct. 1166 (1969), where the 14th U.S.C.A.'s due process of law clause was not adhered to so as to allow [Appellant] to contest the accuracy of his strike history so that he could properly gauge the lawful length of duration he could be subjected to based upon "submit[ted] evidence regarding the previous conviction of the offender" pursuant to 42 Pa.C.S. § 9714(g) (emphasis added)?

III.     Whether a conflict of interest existed with trial counsel [] where she was originall[y] appointed as [PCRA] counsel; and then successfully withdrew from this current case pursuant to **Finley/Turner** after arguing that [Appellant's] challenge to his strike history pursuant to 42 Pa.C.S. § 9714 was frivolous; but after [Appellant] prevailed upon the challenge *pro se*, [that same counsel] was subsequently appointed to represent him during the guilty plea proceeding where the deal being offered to him was premised solely upon his strike history not being properly contested?

IV.     Whether the trial court breached an agreement between [Appellant], the Commonwealth, and his 1991 trial court, by regrading a pled (*sic*) to ungraded robbery conviction a Felony 1 conviction for the sole purpose of establishing [Appellant's] first strike as a habitual offender, when he specifically pled to the 1991 count to reduce robbery to an ungraded offense?

Appellant's Brief at 4-6.

As an appeal from the denial of post-conviction relief, we apply the following standard of review:

In PCRA appeals, our scope of review is limited to the findings of the PCRA court and the evidence on the record of the PCRA court's hearing, viewed in the light most favorable to the prevailing party. Because most PCRA appeals involve questions of fact and law, we employ a mixed standard of review. We defer to the PCRA court's factual findings and credibility determinations supported by the

record. In contrast, we review the PCRA court's legal conclusions *de novo.*

**Commonwealth v. Reyes–Rodriguez**, 111 A.3d 775, 779 (Pa. Super. 2015)

(internal citations and quotations omitted).

In his first issue, Appellant argues his plea counsel was ineffective for failing to investigate the bill of information from Appellant's 1991 robbery conviction. However, as reflected in the PCRA court's Rule 1925(a) opinion:

> When Appellant originally challenged his strike status, this court reviewed the preliminary hearing notes, bills of information, and presentence investigation order. A bill of information and preliminary hearing notes may establish by a preponderance of the evidence that a prior conviction is a crime of violence. **Commonwealth v. Guilford**, 861 A.2d 365, 377 (Pa. Super. 2004). In **Guilford**, the defendant contended that the Commonwealth had failed to establish by a preponderance of the evidence that he had previously committed a crime of violence. **Id.** at 376. The Superior Court concluded that the record clearly established that the defendant had pleaded guilty to a first degree felony robbery, a crime of violence for strike purposes in light of the official court file containing the bill of information and the preliminary hearing notes. **Id.** at 377. The preliminary hearing notes contained an indication by the complaining witness that the defendant walked into her store, with his hand in his pocket, and pointed "what looked like a gun and [she] was scared and ran away." **Id.** Although the robbery was ungraded, the prosecutor pointed to a check mark next to section 3701. **Id.**
>
> As in **Guilford**, this court determined that Appellant's 1991 robbery conviction was a first degree felony, making the present conviction a second strike offense. Like the court in **Guilford**, this court reviewed the preliminary hearing notes, bills of information, and presentence investigation order:
>
> > THE COURT: You were charged after your arrest with an F1 robbery. That was the initial complaint. In the bills of information the robbery says in accordance to committing a theft erroneously did inflict serious[] bodily injury upon another also did threaten another with intentionally putting the fear or intentionally putting in fear of immediate serious

- 6 -

> bodily injury. So both on your complaint and the bills of information the latter of which control the trial stage they charged the requisite things making it an F1.

N.T. 11/7/11, at 8-9.

> This court also read into the record the preliminary hearing notes where the complaining witness stated that Appellant came at the complaining witness from behind, threw him to the ground, and kicked him. N.T., 11/7/11, at 12. Most compelling, Appellant agreed that his previous[] robbery conviction was a first degree felony.

Rule 1925(a) Opinion, 12/21/16, at 8-9 (some capitalization omitted).

In light of the trial court's review of available materials from the 1991 conviction—including the bills of information, and especially in light of Appellant's own acknowledgement that the 1991 robbery conviction was a first-degree felony, there is no basis for finding plea counsel ineffective for failing to investigate the bills of information from that conviction. It is well-settled that counsel cannot be considered ineffective for failing to raise and investigate a meritless claim. *See, e.g., Commonwealth v. Spotz*, 18 A.3d 244, 262 (Pa. 2011). Appellant's first issue fails.

In his second issue, Appellant contends his plea was involuntarily tendered due to coercion. As the PCRA court recognized,

> [T]his argument is premised on what Appellant believes was an erroneous calculation of his prior strike history. As discussed in the court's original [Rule 1925(a)] opinion, Appellant waived this argument by agreeing to the strike calculation at the time of his guilty plea and, in any event, the calculation was proper.

PCRA Court Supplemental Opinion, 12/6/17, at 1. Appellant's second issue lacks merit.

In his third issue, Appellant suggested there was a conflict of interest because his original PCRA counsel later served as plea counsel at Appellant's November 7, 2011 hearing. Appellant candidly acknowledges his inability to find any case law or controlling authority supporting his contention. Appellant's Brief at 34. Consequently, he has decided to forego the claim, *id.*, obviating the need for any analysis or discussion by this Court.

In his fourth and final issue, Appellant argues that the trial court breached an agreement between Appellant, the Commonwealth, and the 1991 trial court regarding his 1991 plea. As the PCRA court correctly observed,

> This argument does not appear to have been raised in the present PCRA petition and thus cannot be argued on appeal. In fact, it probably should have been raised in his original appeal of the 7.5 to 15 year sentence in this case. Nevertheless, because Appellant agreed on the record before this court that the 199[1] conviction was for an F1 robbery, he cannot prevail on the merits of this claim.

PCRA Court Supplemental Opinion, 12/6/17, at 1 (some capitalization omitted).

We agree. As our Supreme Court has instructed, "Claims not raised in the PCRA court are waived and cannot be raised for the first time on appeal[.]" ***Commonwealth v. Edmiston***, 851 A.2d 883, 889 (Pa. 2004) (citing Pa.R.A.P. 302(a)) (additional citations omitted). In any event, in light of his concession that his 1991 conviction involved an F1 robbery, Appellant cannot prevail on the merits of this claim. Appellant's fourth issue fails for lack of merit.

Order affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date: 2/22/19